John J. Rizzo, Esq. County Attorney, Genesee County
We are in receipt of a letter from your office wherein you ask whether an attorney who has received a fee from a Social Services recipient for the settlement of a personal injury claim against a third party may claim an additional fee from funds subject to Social Services Law, § 104-b.
Social Services Law, § 104-b (1) provides that where a recipient of public assistance has a cause of action for personal injuries, the public welfare official for the district providing the assistance has a lien against any recovery.
Section 104-b (9) provides that the Social Services Department lien:
 "* * * shall be subject and subordinate to the lien on the amount recovered by verdict, report, decision, judgment, award or decree, settlement or compromise, of any attorney or attorneys retained by any such injured person to prosecute his claim for damages for personal injuries, having or acquiring by virtue of such retainer a lien on the cause of action of any such injured person, or on the verdict, report, decision, judgment, decree made in, or any settlement or compromise of, any such action or claim for damages for personal injuries."
This statute encourages attorneys to represent public assistance recipients in personal injury actions by providing that their lien for fees is prior to the lien of the department.
You state that in the instant case an attorney privately retained by a public assistance recipient obtained a settlement of $10,000. The attorney received payment of $3,300 pursuant to a contingency fee arrangement. The County Department of Social Services has a lien of $5,000 against the personal injury recovery for amounts paid to the public assistance recipient. The attorney in question now seeks to receive an additional payment of $1,666 to be assessed against the lien of the County Department of Social Services.
It is clear from this statute that the lien created in favor of the County Department of Social Services would be subordinate to a lien for attorneys' fees. Had the attorney in question not received payment pursuant to a private contractual agreement with the public assistance recipient, his lien would be paramount to that of the Department of Social Services. The attorney in the present case has no existing lien to assert, however, since that lien has been discharged by payment pursuant to contract. This statute merely permits the attorney to assert his right to payment before the Department of Social Services; it does not permit him to be paid twice for achieving one recovery.
Since, in our view, no lien for attorneys' fees continues to exist and no contractual agreement is present between the attorney and the County Department of Social Services, the attorney is not entitled to further payment.
We therefore conclude that the Genesee County Department of Social Services has no legal obligation to make additional payment to the attorney in question. In the absence of legal obligation, payment in this situation would be tantamount to awarding a gift. Awarding a gift under these circumstances would constitute a violation of the New York State Constitution, Article VIII, Section 1, which provides:
 "No county, city, town, village or school district shall give or loan any money or property to or in aid of any individual, * * *"